Jeckering & Associates | LLC

10 North High Street, Suite 301, Columbus, Ohio 43215 | P: 614.944.5151
16 South Main Street, Mechanicsburg, Ohio 43044 | P: 937.896.2222
www.centralohiolegal.com | F: 614.515.4905

July 27, 2026

**VIA E-MAIL: Dfrick@sdtlawyers.com; jmarks@sdtlawyers.com**

Dawn M. Frick, Esq.
Justin R. Marks, Esq.
Surdyk, Dowd & Turner Co., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458

**Re: *Weller, et al. v. City of Urbana, et al.*, Case No. 3:24-cv-00154 (S.D. Ohio)**
**Plaintiffs' Discovery Responses; First and Second Productions; Privilege Log**

Dear Counsel:

We write regarding Plaintiffs' responses to Defendants' First Set of Requests for Admissions, Interrogatories, and Requests for Production, served November 21, 2025, and the two productions Plaintiffs have made in response to those requests. The first production, bearing Bates numbers Weller 001 through Weller 982, accompanied those responses. The second production of Plaintiffs Justin T. Weller and Tomorrow Holdings, LLC dba Urbana Tomorrow, LLC, bearing Bates numbers Weller 983 through Weller 1593, was served March 8, 2026, together with amended written responses identifying the additional Bates ranges responsive to each request.

We have completed our review of the responses and of both productions. Across the production as a whole, Weller 001 through Weller 1593, the only documents withheld on the basis of privilege are communications between Plaintiffs and their former counsel, Matthew T. Watson, Esq. of Thompson, Dunlap & Heydinger, Ltd., which are protected by the attorney-client privilege and, where applicable, the work product doctrine. A privilege log describing those documents in the manner required by Fed. R. Civ. P. 26(b)(5)(A) is enclosed, and the log is comprehensive as to both productions. The privilege and work product language appearing in the general objections and in the responses to individual requests is prophylactic. Apart from the logged communications with former counsel, that language is not an assertion that responsive material exists and has been withheld, and Plaintiffs do not rely on it to withhold anything.

Fed. R. Civ. P. 34(b)(2)(C) requires an objection to state whether responsive material is being withheld on its basis. Subject only to the privilege claim described above, no responsive material has been withheld on the basis of any objection stated in either set of responses. Where an objection is directed to part of a request, the remainder of the request has been answered and the responsive documents produced.



**DECLARATION EXH. 2**

Jeckering & Associates | LLC

10 North High Street, Suite 301, Columbus, Ohio 43215
16 South Main Street, Mechanicsburg, Ohio 43044
www.centralohiolegal.com

P : 614.944.5151
P : 937.896.2222
F : 614.515.4905

The redactions appearing in either production fall into two categories, neither of which reflects a claim of privilege. First, certain documents were redacted to remove material that is not responsive to any request in Defendants' First Set of Requests for Production. Those redactions do not obscure any content bearing on the claims or defenses in this action. Second, certain documents were partially redacted to remove personal identifiers of the kind enumerated in Fed. R. Civ. P. 5.2(a). That rule governs filings rather than productions, but Plaintiffs have applied its standard here in conjunction with the protective order entered in this matter. Where such identifiers appear, the redactions are partial only: social security and taxpayer identification numbers and financial account numbers appear with the final four digits visible, and dates of birth appear by year. No responsive substantive content has been removed on either basis in either production.

Several responses state that Plaintiffs reserve the right to supplement. Two clarifications. As to the requests directed at expert materials, the reservation reflects the sequencing of Fed. R. Civ. P. 26(a)(2) and the Court's scheduling order, and those materials will be produced on that schedule. As to every other request, Plaintiffs' production of responsive documents presently within their possession, custody, or control is complete at Weller 1593. Any further production will be made under the continuing obligation imposed by Fed. R. Civ. P. 26(e)(1)(A).

Plaintiffs stand on the objections asserted in both sets of responses. If Defendants believe any entry on the enclosed log requires additional detail, wish to discuss any category of redaction, or wish to raise any individual request, we are available to meet and confer.

Best Regards,

*/s/ Kylie A. Titer*
Kylie A. Titer, Esq.
Jeckering & Associates, LLC

Enclosure: Plaintiffs' Privilege Log